# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Brett Thomas Green,                                    Civil No.:   13cv3061 (ADM/SER)

              Petitioner,

v.                                                     **REPORT AND RECOMMENDATION**

Warden of Rush City MCF,

              Respondent.

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's amended petition for a writ of habeas corpus under 28 U.S.C. § 2254.   (Docket No. 9.[1])   The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.   For the reasons discussed below, it is recommended that this case be summarily dismissed without prejudice, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[2]

## I.  BACKGROUND

---

[1]   Petitioner's original petition, (Docket No. 1), was found to be defective for several reasons, and he was therefore ordered to file an amended petition if he intended to continue to prosecute this action.   Petitioner subsequently filed the amended petition that is now before the Court.

[2]   Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner challenges two separate convictions in the state district court for Isanti County, Minnesota for criminal sexual conduct.   The first conviction resulted from a guilty plea that he entered in a case identified as No. 30CR-07-71, and the second conviction resulted from a jury verdict in a case identified as No. 30CR-08-1174.   Following the second conviction Petitioner was given a prison sentence that he is serving presently at the Minnesota Correctional Facility in Rush City, Minnesota.

Petitioner did not appeal his first conviction, but filed an appeal after the second conviction.   (Amended Petition, p. 2, § 7.)   The Minnesota Court of Appeals affirmed the second conviction on April 30, 2012.   *State v. Green*, No. A11-850 (Minn.App. 2012), 2012 WL 1470164 (unpublished opinion).   Submissions suggest that Petitioner applied to the Minnesota Supreme Court for further review of the Minnesota Court of Appeals' decision.[3]

After the Minnesota Court of Appeals affirmed Petitioner's second conviction, he filed a series of post-conviction motions in the state trial court.   (Amended Petition, p. 4-7, §§ 8-12.) Petitioner's amended habeas corpus petition indicates that he has at least one post-conviction motion still pending in the state courts.   (*Id*., p. 7, § 12(d); p. 9, § 14.)   Petitioner's submissions do not indicate that any of his claims for post-conviction relief have been presented to any state appellate court.[4]

---

[3]   Westlaw customarily indicates whether a petition for further review has been filed in Minnesota state court appellate proceedings, and Westlaw indicates that Petitioner did **not** file any petition for further review in the Minnesota Supreme Court.   The Court has also searched the public court records on a website maintained by the Minnesota Judiciary, (macsnc.courts.state.mn.us), and those records confirm that Petitioner has never filed any petition for review in the Minnesota Supreme Court.

[4]   The Court has searched Westlaw and the website maintained by the Minnesota Judiciary, (macsnc.courts.state.mn.us), and those searches indicate that Petitioner has never pursued an appeal in a post-conviction proceeding.

Petitioner's current habeas corpus petition lists four grounds for relief. (*Id.*, pp. 7-9.) None of those claims can be addressed on the merits here, because Petitioner has not exhausted all available state court remedies for any of the claims that he is attempting to bring in this action.

## II.   DISCUSSION

Federal courts will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has exhausted all available state court remedies. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982). Exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors that state prisoners raise. *O'Sullivan*, 526 U.S. at 844; *Rose*, 455 U.S. at 518-19; *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (*per curiam*).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one **complete** round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845 (emphasis added). In order to satisfy the exhaustion of state court remedies requirement, a Minnesota prisoner must fairly present his federal constitutional claims to the **highest available** state court, i.e., the Minnesota Supreme Court, before seeking federal court relief.

The United States Supreme Court explained the exhaustion requirement as follows:

Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.'... [Citations omitted.]   To provide the State with the necessary

'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (**including a state supreme court with powers of discretionary review**), thereby alerting that court to the federal nature of the claim. [Citations omitted].

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (emphasis added).

Here, it appears Petitioner has not satisfied the exhaustion requirement, because none of his current claims for relief have ever been fairly presented to, or addressed by, the Minnesota Supreme Court.   Furthermore, there is a state court remedy that **might** still be available for Petitioner's unexhausted claims, namely the remedy provided by Minnesota's post-conviction statutes − Minn.Stat. §§ 590.01 et seq.   The Court recognizes that Petitioner has already applied for post-conviction relief in the state trial court, but the exhaustion of state court remedies requirement will not be satisfied until the Minnesota State Supreme Court adjudicates all of the claims that Petitioner attempts to bring here.   Petitioner has not demonstrated currently that any of his claims for relief have been decided by the Minnesota Supreme Court.   Therefore, Petitioner has not satisfied the exhaustion of state court remedies requirement.[5]

---

[5]   Conceivably, Petitioner will be procedurally barred from having his current claims adjudicated on the merits in the Minnesota Supreme Court, because he failed to raise them on direct appeal.   *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997), citing *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976); *Roby v. State*, 531 N.W.2d 482, 484 (Minn. 1995).   Any claims that the state courts refuse to decide on the merits because of a state procedural rule will be procedurally defaulted, and are not reviewable in a future federal habeas proceedings, except upon a showing of sufficient cause and prejudice to excuse the procedural default, or new evidence proving Petitioner's "actual innocence."   *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).   *See also Jones v. Jerrison*, 20 F.3d 849, 853 (8th Cir. 1994), (normally, "[f]ederal courts will not review a procedurally defaulted claim because 'a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance'"), quoting *Coleman*, 501 U.S. at 732.   It is preferable to have the Minnesota state courts, rather than the federal district court, decide which of Petitioner's unexhausted federal constitutional claims can still be heard and decided on the merits in the Minnesota Supreme Court, and which claims (if any) are barred by the state's procedural rules.

### III.   CONCLUSION

Because Petitioner failed to exhaust his available state court remedies for any of his current claims for relief, the Court will recommend that this case be summarily dismissed pursuant to Rule 4 of the Governing Rules.   It will be recommended, however, that the case be dismissed **without prejudice**, so that Petitioner can return to the state courts and attempt to exhaust his presently unexhausted claims, by continuing to seek post-conviction relief in the state courts – including the Minnesota Supreme Court.[6]   Petitioner may return to federal court -- if necessary -- after the state courts, including the Minnesota Supreme Court, have reviewed and decided **all** of the claims that he seeks to raise in federal court.   *See Ashker v. Leapley*, 5 F.3d 1178, 1180 (8th Cir. 1993).[7]

---

[6]   If Petitioner pursues this option, he must keep in mind that he will not satisfy the exhaustion requirement unless he pursues every available avenue of appellate review, (if relief is not granted by the trial court).   As the Court has already pointed out, "[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one **complete** round of the State's established appellate review process."   *O 'Sullivan*, 526 U.S. at 845 (emphasis added).   Therefore, Petitioner will have to present all of his federal constitutional claims to the Minnesota Supreme Court, before he can bring those claims in a new federal habeas action.

[7]   Petitioner's current petition does not clearly identify and support each individual claim for relief that he is attempting to bring.   The claims presented in the current petition are conflated and extremely confusing, and Petitioner has made no effort to satisfy the demanding standard of review prescribed by 28 U.S.C. § 2254(d).   If Petitioner seeks further relief in state or federal court, he will have to do a much better job of presenting his claims.

Lastly, Petitioner has filed an application for leave to proceed *in forma pauperis*, ("IFP"), in this matter.  (Docket No. 10.)   Having determined that this action must be summarily dismissed because Petitioner has failed to exhaust his state court remedies, the Court further recommends summary denial of Petitioner's pending IFP application.   *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Kruger v. Erickson*, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (*per curiam*) (IFP application should be denied where habeas petition cannot be entertained). Petitioner has also filed two anomalous motions identified as a "Motion for Immediate Relief," (Docket No. 13), and a "Motion to Proceed with Writ of Habeas Corpus," (Docket No. 15).   The Court recommends that both of those motions also be summarily denied, because Petitioner has not presented any claim for habeas corpus relief that can properly be entertained at this time.

## IV.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.   Petitioner's amended petition for a writ of habeas corpus, (Docket No. 9), be **DENIED**;

2.   Petitioner's application for leave to proceed *in forma pauperis*, (Docket No. 10), be **DENIED**;

3.   Petitioner's "Motion for Immediate Relief," (Docket No. 13), be **DENIED**;

4.   Petitioner's "Motion to Proceed with Writ of Habeas Corpus," (Docket No. 15), be **DENIED**;   and

5.   This action be **DISMISSED WITHOUT PREJUDICE**.


Dated:   March 26, 2014                    *s/Steven E Rau*
                                           Steven E. Rau
                                           U.S. Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 10, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.   Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.   A party may respond to the objecting party's brief within ten days after service thereof.   A judge shall make a de novo determination of those portions to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.