UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brett Thomas Green,

      Petitioner,

v.

Warden of Rush City MCF,

      Respondent.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 13-3061 ADM/SER

___

Brett Thomas Green, pro se.
___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Petitioner Brett Thomas Green's Objections [Docket No. 19] ("Obj.") to Magistrate Judge Steven E. Rau's March 26, 2014 Report and Recommendation [Docket No. 16] ("R&R"), and on Petitioner's Motion of Reconsideration on Writ of Habeas Corpus ("Motion of Reconsideration") [Docket No. 21].

In the R&R, Judge Rau recommends denying Petitioner's amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition") and summarily dismissing this case without prejudice based on Petitioner's failure to exhaust all available state court remedies for the claims he seeks to raise in federal court. As a result, Judge Rau also recommends denying Petitioner's application for leave to proceed in forma pauperis [Docket No. 10], his Motion for Immediate Relief [Docket No. 13], and his Motion to Proceed with Writ of Habeas Corpus [Docket No. 15].

Petitioner has filed Objections to the R&R, and has also filed a Motion of Reconsideration. After a de novo review of the record, and for the reasons stated below,

Petitioner's Objections are overruled, Judge Rau's R&R is adopted, and Petitioner's Motion of Reconsideration is denied.

## II.  BACKGROUND

Petitioner is a prisoner at the Minnesota Correctional Facility in Rush City, Minnesota. He has been convicted twice in Minnesota state district court for criminal sexual conduct. The first conviction resulted from a guilty plea in 2007 in a case identified as No. 30CR-07-71 ("First Case"). Petitioner did not appeal this conviction. The second conviction resulted from an August 2010 jury verdict in a case identified as No. 30CR-08-1174 ("Second Case"). Petitioner appealed the second conviction, and the Minnesota Court of Appeals affirmed the conviction on April 30, 2012. State v. Green, No. A11-850, 2012 WL 1470164 (Minn. Ct. App. Apr. 30, 2012).

After his conviction was affirmed, Petitioner filed a series of post-conviction motions in state district court. Amended Petition [Docket No. 9] ¶¶ 8-12. Petitioner's state court proceedings remain active and pending in the state district court and in the Minnesota Court of Appeals. For example, in Petitioner's First Case, the district court granted Petitioner a court-appointed attorney in March 2014, and conducted a motion hearing in late April, 2014.[1] In the Second Case, Petitioner appealed a March 13, 2014 post-conviction order entered by the district court. See Green v. State, Case No. A14-0613 (Minn. Ct. App. 2014). The appeal is in the briefing stage at the Minnesota Court of Appeals.[2]

---

[1] See Minnesota Trial Court case records, available at: http://pa.courts.state.mn.us/CaseDetail.aspx?CaseID=1610787184 (last visited May 15, 2014).

[2] See Minnesota Appellate Courts Case Management System, available at: http://macsnc.courts.state.mn.us/ctrack/view/publicCaseMaintenance.do?csNameID=77970&csInstanceID=87119 (last visited May 15, 2014) (listing appeal status as "briefing").

In addition to his post-conviction motions in state court, Petitioner also filed a federal habeas corpus petition in this Court challenging both his first and second state convictions on four grounds. The R&R recommends that the Petition be denied and this action dismissed because Petitioner has failed to fully exhaust all available state court remedies and therefore does not satisfy the standards for federal habeas corpus relief set forth in 28 U.S.C. § 2254. In recommending denial, Judge Rau recognized that Petitioner had applied for post-conviction relief in state court, and determined the state courts had not had the opportunity to resolve Petitioner's constitutional claims through the state court's established appellate review process. R&R at 3-4.

After the R&R was issued, Petitioner attempted to file a writ of habeas corpus in the Minnesota Supreme Court, stating "the U.S. District Courts have ordered me to appeal to you." Ex. To Mot. Recons. at 3. The Minnesota Supreme Court Commissioner declined to file Petitioner's papers and returned them to Petitioner with a letter explaining that "to the extent you seek postconviction relief, you must file that petition first with the [state] district court." Id. at 1. The Commissioner further explained that because the petition was not an appeal from a final order or entry of judgment by the district court, the state appellate courts had no jurisdiction over the petition. Id.

Petitioner objects to the R&R, arguing that pursuing relief in the state courts would be both "ineffective" and "unavailable" due to his failure to timely seek relief from his convictions. Petitioner contends his claims are procedurally defaulted in state court but are nevertheless reviewable in federal court because he qualifies for the "cause and prejudice" and "miscarriage of justice" exceptions to the general rule that procedurally defaulted claims are not reviewable in

3

federal habeas proceedings.  Obj. at 2-3.[3]  Petitioner has also filed a Motion of Reconsideration, stating he "appealed to the Supreme Courts [sic] and was denied."  Mot. Recons. at 1.

### III.  DISCUSSION

In reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); see also D. Minn. L.R. 72.2(b).  A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.

As the R&R correctly notes, a state prisoner is required to exhaust all state court remedies before a federal court will consider the merits of a petition for federal habeas relief.  28 U.S.C.  § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan, 526 U.S. at 845 (emphasis added).  "The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."  Rose v. Lundy, 455 U.S. 509, 518 (1982).  Therefore, comity requires that state courts have the first opportunity to review prisoners' federal claims.  O'Sullivan, 526 U.S. at 844.  Failure to present federal claims to all available state courts will bar federal review.  Id. at 845, 848.

In this case, Judge Rau correctly found that none of Petitioner's federal claims for relief had been fully exhausted.  Although Petitioner argues his claims are procedurally barred in state

---

[3] Page numbers refer to the numbers in the ECF heading.

court, his state court proceedings remain active and pending in both the state district court and Minnesota Court of Appeals. Petitioner's claims have not undergone a complete round of the state's established review process, and the Minnesota state courts have not yet determined which, if any, of Petitioner's unexhausted federal constitutional claims may be heard and decided on the merits, and which are procedurally barred.

Petitioner's reliance on the letter from the Minnesota Supreme Court Commissioner to argue his claims are procedurally barred is misplaced. The letter makes no determination as to whether Petitioner's claims are procedurally barred. Rather, the letter merely informs Petitioner that the appellate courts lack original jurisdiction over petitions for post-conviction relief and can only review final orders or judgments entered by a lower state court. Thus, the Petition is dismissed without prejudice for failure to properly exhaust all state court remedies.

## IV. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000). In this case, it is virtually certain that no other federal court, including the Eighth Circuit Court of Appeals, would decide Petitioner's constitutional claims any differently than they have been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. The Court therefore declines to grant a certificate of appealability.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

5

**HEREBY ORDERED** that:

1. Petitioner Brett Thomas Green's Objections [Docket No. 19] to Magistrate Judge Steven E. Rau's March 26, 2014 Report and Recommendation [Docket No. 16] are **OVERRULED**;

2. The Report and Recommendation [Docket No. 16] is **ADOPTED**;

3. Petitioner's amended petition for a writ of habeas corpus [Docket No. 9] is **DENIED**;

4. Petitioner's applications for leave to proceed in forma pauperis [Docket Nos. 10, 12] are **DENIED**;

5. Petitioner's Motion for Immediate Relief [Docket No. 13] is **DENIED**;

6. Petitioner's Motion to Proceed with Writ of Habeas Corpus [Docket No. 15] is **DENIED**;

7. Petitioner's Motion of Reconsideration on Writ of Habeas Corpus [Docket No. 21] is **DENIED**;

8. This action is **DISMISSED WITHOUT PREJUDICE**; and

9. Petitioner is **NOT** granted a Certificate of Appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: May 15, 2014.